993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee
v.
Joel BENNETT, Defendant-Appellant.
 No. 92-2076.
 United States Court of Appeals, Tenth Circuit.
 May 21, 1993.
 
 1
 Before McKAY and TACHA, Circuit Judges, and KANE,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 TACHA, District Judge.
 
 
 4
 Joel Bennett appeals his conviction following a jury trial for threatening to kill a United States District Court judge in violation of 18 U.S.C. § 875(c). On appeal, Bennett argues that the district court erroneously failed to (1) order a second competency examination, (2) hold an evidentiary hearing, and (3) grant a one-week continuance. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 5
 We review the district court's decision not to order a second competency examination for abuse of discretion. See United States v. Prince, 938 F.2d 1092, 1095 (10th Cir.), cert. denied, 112 S.Ct. 427 (1991). In evaluating a defendant's competence to stand trial, the court must determine whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." Id. at 1094 (internal quotation omitted).
 
 
 6
 We conclude that the district court did not abuse its discretion. The court granted an earlier motion to determine competence and ordered a psychiatric evaluation. The court then held an evidentiary hearing and concluded that Bennett was competent to stand trial. Neither Bennett nor his counsel raised the competence issue again and there is no record evidence to indicate that he became incompetent following the original examination. See id. at 1095.
 
 
 7
 Bennett next alleges that he suffered from sleep deprivation while he was held in custody prior to and during trial. He argues that the district court should have held an evidentiary hearing to evaluate this allegation and should have granted his motion for a one-week continuance so that he could get "some rest prior to trial." Bennett never requested an evidentiary hearing and, after reviewing the record, we conclude that the district court did not abuse its discretion by failing to hold one. See United States v. Gines, 964 F.2d 972, 977 (10th Cir.1992), cert. denied, 113 S.Ct. 1023 (1993).
 
 
 8
 We also review the court's denial of Bennett's continuance motion for abuse of discretion and will reverse only if the denial was "arbitrary or unreasonable and materially prejudiced the appellant." United States v. West, 828 F.2d 1468, 1469 (10th Cir.1987). The government opposed the motion, arguing that the inconvenience to out-of-state witnesses, the impaneled jury, and the court outweighed any need and prejudice asserted by Bennett. Bennett's motion, which was heard the day trial began, indicated that Bennett had been relocated within the jail and given a new mattress four days before trial. It further represented that Bennett "has finally had a little bit of sleep," but stated that he still "requires some rest prior to trial." Bennett also contends that he did not think he could testify properly because of his alleged sleep deprivation and therefore decided not to testify on his own behalf. Under the circumstances, we hold that the district court did not abuse its discretion by denying the motion.
 
 
 9
 Finally, we conclude that there is no reason to hold this appeal in abeyance because there are no motions for new trial pending before the district court.
 
 
 10
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3